360 A.2d 561.

BERNARD McCAUGHEY *vs.* GEIGY CHEMICAL CORPORATION

JULY 20, 1976.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J. This is an employee's original petition for benefits under the Workmen's Compensation Act seeking compensation for total incapacity, for hospital and medical bills and for specific compensation for loss of hearing.

The facts are undisputed. The petitioner was employed by respondent corporation as a mechanic's helper in the maintenance department. On May 18, 1965, while working on a press plate, a ratchet handle let go and struck petitioner on the head. The petitioner obtained treatment by the plant nurse and returned to work. That night petitioner became nauseous and felt dizzy. He then came under the care of Dr. Sacco who treated him until 1966. During this time petitioner had a buzzing and humming in his right ear with a loss of hearing. Prior to the accident petitioner had no difficulty with his hearing. The petitioner was out of work from May 26, 1965 through June 7, 1965. The petitioner entered into a nonprejudicial agreement with respondent. In 1968, petitioner was treated by Dr. Rossignoli, Dr. Littleton, Dr. Robinson and Dr. McNelis. The petitioner continued to have a buzzing and humming sensation in his right ear, suffered dizzy spells, and a loss of hearing.

Doctor Mendell Robinson, an otologist specializing in diseases of the ear testified that it was his opinion that the accident of May 18, 1965, caused petitioner's injury. Doctor Robinson first examined petitioner April 17, 1970. At that time he tested petitioner and recorded a 40-45%

hearing loss in petitioner's right ear. The petitioner was examined again by Dr. Robinson on December 7, 1972, when he was again tested and a 35% loss of hearing in petitioner's right ear was recorded.

The trial commissioner found that petitioner was totally incapacitated from May 26, 1965 to June 7, 1965. He further found that from the testimony of petitioner, from the history given to Dr. Robinson by petitioner, and the testimony of Dr. Robinson, that petitioner had a loss of hearing at that time. The trial commissioner entered a decree on June 5, 1973, which in pertinent part required respondent to pay petitioner total compensation for disability from May 26, 1965 through June 7, 1965, and to pay medical and hospital bills incurred due to the injury. Specific compensation for loss of hearing in petitioner's right ear was denied on the finding that petitioner was aware of his hearing loss at least two years before the filing of his petition on April 26, 1972.

Both parties appealed from the decree entered by the trial commissioner to the full commission. The respondent claimed that the award of compensation from May 26 through June 7, 1965, was not based on medical evidence and was, therefore, unsubstantiated and that the award by the trial commissioner constituted error. The petitioner claimed that the statute of limitations under the circumstances should not bar the claim for loss of use of hearing in petitioner's right ear.

The full commission reversed the trial commissioner's decision awarding compensation for incapacity on the ground that it was not based on medical evidence. The full commission, however, sustained the decision of the trial commissioner that the statute of limitations is a bar to petitioner's claim for specific compensation for loss of hearing in his right ear. The petitioner has appealed to this court from the decree of the full commission.

The petitioner contends that the full commission erred when it found that the statute of limitations [G. L. 1956 (1968 Reenactment) §28-35-57] barred the filing of the claim for specific compensation.

The petitioner argues that the testimony of Dr. Robinson to the effect that the hearing loss was down to 35% in December 1972, constituted a betterment over the 40-45% loss recorded in 1970, and that consequently there was no end result reached until 1972. The petitioner contends that his hearing loss was fluctuating and did not become permanent at its most improved level until 1972, and that although he knew he had a buzzing sound in his ear he could not have known as a layman that the end result had been reached.

The respondent argues that there is competent evidence including the testimony of petitioner himself that the loss of hearing occurred at the time of the accident to support the finding that petitioner knew of his hearing loss more than two years before he filed his petition.

The statute of limitations under the Workmen's Compensation Act begins to run upon the end result of a permanent physical disability. The end result is reached when sound medical opinion could conclude that any improvement from medical treatment had reached its potential. *Fontaine* v. *Gorfine*, 105 R. I. 174, 179, 250 A.2d 361, 363 (1969); *Tirocchi* v. *United States Rubber Co.*, 101 R. I. 429, 434, 224 A.2d 387, 391 (1966).

Before the statute of limitations begins to run, petitioner must have known or by the exercise of reasonable diligence should have known of his disability. General Laws 1956 (1968 Reenactment) §28-35-57. An injured worker is considered aware if, as a reasonable man, he would have believed that he was afflicted due to a work related injury. *Rastella* v. *State Dept. of Pub. Works*, 102 R. I. 123, 126, 229 A.2d 43, 45 (1967). The statute of limita-

tions does not begin to run on a latent injury simply because petitioner is aware that he is in pain but in addition the employee must have knowledge either actual or constructive of his disability. *Provencher* v. *Glas-Kraft, Inc.*, 107 R. I. 97, 103-04, 264 A.2d 916, 919 (1970).

The petitioner argues that sound medical practice was capable of improving his condition so that in December 1972, his hearing loss was 35% which was an improvement or betterment over the 40-45% hearing loss recorded in 1970. He reasons therefore that since no end result was reached until December 1972, the statute of limitations did not commence to run until that date.

This reasoning of petitioner would be persuasive except that the medical opinion of Dr. Robinson was that petitioner suffered a labyrinthine concussion, nerve-type ear injury at the time of the accident which caused a permanent hearing loss. Doctor Robinson testified that such an injury is irreversible which means that the end result was reached at the time of the accident. Doctor Robinson further stated that there may be a five percent variation in the test results and when dealing with inner ear problems, there is a fluctuation in ability to hear.

The evidence which included the testimony of petitioner, the history given to Dr. Robinson by petitioner, and the testimony of Dr. Robinson, clearly supports the conclusion by the full commission that the end result had been reached more than two years prior to the filing of the petition on April 26, 1972.

The petitioner next argues that the full commission erred when it refused to award compensation for disability for the period May 26 through June 7, 1965, on the ground that there was no medical evidence to establish the employee's incapacity.

The issue for determination by us is whether medical testimony was needed in order to prove incapacity. The

petitioner argues that the facts in the case are such that no medical testimony is necessary. The respondent citing *Denisewich* v. *Abbott Glass Co.*, 98 R. I. 182, 188, 200 A.2d 455, 458 (1964), argues that the rule in Rhode Island is that medical testimony is needed in order to support a finding of incapacity.

In *Denisewich*, however, the facts were such that medical testimony was required and there was no holding that a layman's testimony in all cases would be insufficient.

The established rule in this state was set forth in *Valente* v. *Bourne Mills*, 77 R. I. 274, 75 A.2d 191 (1950), wherein this court stated that medical testimony as to nature and cause of injury is not always required to establish right to compensation. *See also* 3 Larson *Workmen's Compensation Law* §79.51 at 181.

The petitioner's appeal from that portion of the decree denying specific compensation for loss of hearing is denied and dismissed. The petitioner's appeal from that portion of the decree denying compensation for incapacity for the period May 31, 1965 through June 7, 1965, is sustained. The cause is remanded to the Workmen's Compensation Commission for the commission to decide whether the testimony of Dr. Robinson, together with the testimony of the petitioner himself, is sufficient evidence upon which to base an award for compensation for incapacity.

Motion to reargue denied.